IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

ANTWON BERNARD HAMILTON, #898992 §
§
VS. § CIVIL ACTION NO. 4:18cv607
§
DIRECTOR, TDCJ-CID §

**ORDER OF DISMISSAL**

Petitioner Antwon Bernard Hamilton, an inmate confined in the Texas prison system, proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation concluding that it should be denied. Hamilton has filed objections.

The Magistrate Judge concluded that the petition should be denied because it is time-barred by the one year statute of limitations. 28 U.S.C. § 2244(d)(1). Hamilton is challenging his Collin County conviction for aggravated sexual assault. On October 28, 1999, after a jury trial, he was sentenced to life imprisonment. The conviction was affirmed as modified. *Hamilton v. State*, No. 05-02-00451-CR, 2003 WL 1734999 (Tex. App. - Dallas April 2, 2003, no pet.). In June 2006, Hamilton filed a motion for DNA testing, which was denied by the trial court, and the appellate court concluded that the appeal was frivolous and the decision was affirmed. *Hamilton v. State*, No. 05-06-01273-CR, 2008 WL 217564 (Tex. App. - Dallas Jan. 28, 2008, no pet.). Hamilton states that he filed an application for a writ of habeas corpus in state court on August 7, 2017. The Texas Court of Criminal Appeals dismissed the application, in part, and denied it, in part. *Ex parte Hamilton*, No. WR-50,176-04, 2017 WL 4021117 (Tex. Crim. App. Sept. 13, 2017). The present petition was filed eleven months later on August 17, 2018.

Hamilton's conviction became final when the opportunity to file a petition for discretionary review expired. He had thirty days after the intermediate court of appeals affirmed his conviction to file a petition for discretionary review. Tex. R. App. Proc. 68.2(a); *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009). His conviction was affirmed on April 2, 2003; thus, his conviction became final thirty days later on May 2, 2003. The present petition was due no later than one year later on May 2, 2004, in the absence of tolling provisions. It was not filed until more than fourteen years later on August 17, 2018.

The provisions of 28 U.S.C. § 2244(d)(2) provide that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. Hamilton did not file anything in state court concerning his conviction until June 2006. By then, the present petition was time-barred by more than two years. The pendency of the state proceeding did not effectively toll the deadline of May 2, 2004. Hamilton has not shown that either statutory or equitable tolling saves his petition; thus, the Magistrate Judge correctly found that the petition is time-barred.

In his objections, Hamilton complains about the statement that he did not respond to an order giving him an opportunity to explain why his petition should not be denied as time-barred. He asserts that he timely filed a document entitled "Leave for Appropriate Position Under DNA Innocence." The order giving him an opportunity to explain why his petition should not be dismissed as time-barred was issued on September 17, 2018 (Dkt. #7). The Court received an acknowledgment from him indicating that the order was received on September 24, 2018 (Dkt. #8). He had fourteen days to file a response. By December 11, 2018, the Court had not received anything from him. The Court never received a document from him entitled "Leave for Appropriate Position Under DNA Innocence." Thus, the Report and Recommendation was issued. Hamilton's objections are not supported by the record.

Hamilton argues that DNA tests will show that he is innocent. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . the expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). *See also Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2013). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. Hamilton has gone no further than to claim he is innocent of the crime. His claim is based on DNA evidence, but he has not submitted DNA evidence that exonerates him. He has offered nothing other than conclusory allegations and bald assertions, which are insufficient to support a petition for a writ of habeas corpus. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Hamilton's arguments focusing on actual innocence via DNA testing lack merit.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Hamilton to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Hamilton's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice as time-barred. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

**SIGNED this 12th day of January, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE